**Appeal of F. J. THOMPSON, INC.**               Docket No. 524.

> The additional income tax of 4 per cent imposed by the Revenue Act of 1917 upon the proportion of net income of a fiscal year ending in 1917 which the number of months in 1917 is to twelve months is computed upon the proportion of the net income of the fiscal year after applying the credit of profits tax to the whole fiscal year's income and not by applying the credit to the 1917 proportion of the fiscal year's income.

Submitted January 19, 1925; decided January 31, 1925.

*Andrew H. Paton, Esq.*, for the taxpayer.

*John D. Foley, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal raises the long existing question of the correctness of the Commissioner's method of computing the additional income tax of 4 per cent which was imposed by the Revenue Act of 1917 in cases of taxpayers having a fiscal year ending in 1917. The facts are not in dispute, the entire controversy turning upon the construction of the statute.

### FINDINGS OF FACT.

The taxpayer is a Massachusetts corporation. It fixed its own fiscal year beginning October 1, 1916, and ending September 30, 1917. Its taxable net income as shown by its return was $65,156.38. The excess-profits tax was, as admitted by both parties, $24,450.01.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

STERNHAGEN: The Revenue Act of 1916 imposed an income tax upon corporations amounting to 2 per cent. The Act of March 3, 1917, imposed an excess-profits tax, but this was repealed and is not pertinent here. It was superseded by the Revenue Act of 1917, passed October 3, 1917, which, while continuing in effect the 2 per cent tax, imposed the additional war-income tax of 4 per cent, and also the war excess-profits tax, applicable ordinarily to income and profits of the calendar year 1917. To corporations which used the calendar year this was not difficult to apply. But for those using a different fiscal year an adjustment was necessary. Obviously it was not practicable, when the Act was passed in October, to attempt to apply the new taxes to the precise amount of income actually received in 1917, thus requiring a retrospective allocation of specific items and a segregation of the 1916 income from the 1917 income. So a formula was prescribed which, by apportionment in accordance with the ratio of the number of months in each of the two calendar years to the whole number of months in the fiscal year, resulted in what was believed to be a fair approximation of the income attributable to each year, and imposed the war taxes only

upon the 1917 proportion. In other words, a reasonable apportionment as the basis of tax was regarded as sufficiently fair and correct in view of the necessity of having a basis which could be administered more readily than precision and accuracy would permit.

The provisions of the Revenue Act of 1917 were thus enacted as follows:

SEC. 4. That in addition to the tax imposed by subdivision (a) of section ten of such Act of September eighth, nineteen hundred and sixteen, as amended by this Act, there shall be levied, assessed, collected, and paid a like tax of four per centum upon the income received in the calendar year nineteen hundred and seventeen and every calendar year thereafter, by every corporation, joint-stock company or association, or insurance company, subject to the tax imposed by that subdivision of that section, except that if it has fixed its own fiscal year, the tax imposed by this section for the fiscal year ending during the calendar year nineteen hundred and seventeen shall be levied, assessed, collected, and paid only on that proportion of its income for such fiscal year which the period between January first, nineteen hundred and seventeen, and the end of such fiscal year bears to the whole of such fiscal year.

The tax imposed by this section shall be computed, levied, assessed, collected, and paid upon the same incomes and in the same manner as the tax imposed by subdivision (a) of section ten of such Act of September eighth, nineteen hundred and sixteen, as amended by this Act, except that for the purpose of the tax imposed by this section the income embraced in a return of a corporation, joint-stock company or association, or insurance company, shall be credited with the amount received as dividends upon the stock or from the net earnings of any other corporation, joint-stock company or association, or insurance company, which is taxable upon its net income as provided in this title.

SEC. 200.  *  *  *

The term " taxable year " means the twelve months ending December thirty-first excepting in the case of a corporation or partnership which has fixed its own fiscal year, in which case it means such fiscal year. The first taxable year shall be the year ending December thirty-first, nineteen hundred and seventeen, except that in the case of a corporation or partnership which has fixed its own fiscal year, it shall be the fiscal year ending during the calendar year nineteen hundred and seventeen. If a corporation or partnership, prior to March first, nineteen hundred and eighteen, makes a return covering its own fiscal year, and includes therein the income received during that part of the fiscal year falling within the calendar year nineteen hundred and sixteen, the tax for such taxable year shall be that proportion of the tax computed upon the net income during such full fiscal year which the time from January first, nineteen hundred and seventeen, to the end of such fiscal year bears to the full fiscal year;  *  *  *

SEC. 1211. That Title I of such Act of September eight, nineteen hundred and sixteen, is hereby amended by adding to Part III six new sections, as follows:

*      *      *      *      *      *      *

SEC. 29. That in assessing income tax the net income embraced in the return shall also be credited with the amount of any excess profits tax imposed by Act of Congress and assessed for the same calendar or fiscal year upon the taxpayer, and, in the case of a member of a partnership, with his proportionate share of such excess profits tax imposed upon the partnership.

Clearly the 1916 two per cent income tax was kept in effect and was applicable to net income figured, except for the credit for profits tax, in the same way as had been prescribed in the Revenue Act of 1916. By section 4 of the 1917 Act, just quoted, the additional tax, of 4 per cent was imposed " upon the income received in the calendar year " 1917, *except* that the tax for a fiscal year was not imposed upon the *income received* during the calendar year but " only on that *proportion* " of its total fiscal income as the number of 1917 months was to the 12 fiscal months. The income actually received in 1917 was the subject of tax in all cases where the accounts of 1916

were not involved in the return; but *only* in such cases. Wherever the return was for a fiscal year including part of 1916, an exception was expressly made, and instead of taxing *income received* the tax was imposed on a *proportion*. Note that the word proportion is used, signifying a mathematical relation. If actual income of 1917 had been intended, there would have been no occasion for a ratio or a formula; it could have been more naturally and simply expressed as the part or portion of the fiscal year's income which was received in the calendar year. We can not ignore the formula and substitute the income received in 1917 as the subject of tax.

Title II of the Revenue Act of 1917 imposes the excess profits tax " for each taxable year " (section 201), and as to a fiscal year ending in 1917, it is provided in section 200, above quoted, that the profits tax shall be " that proportion of the tax " as the ratio of the time in 1917 is to the full fiscal year. Here again is a mathematical formula, based upon the proportion of tax instead of the proportion of net income, as in section 4, and clearly disregarding income actually received in 1917. The profits tax was computed by taking the entire net income for the fiscal year, irrespective of when received, and upon this arriving tentatively at the full year's profits tax; to this amount the ratio was applied ($\frac{9}{12}$ in the present case), and the result was the profits tax for the fiscal year. Thus it will be seen that the profits tax, although imposed upon the full year's income, is in fair relation to the 1917 portion thereof. The parties here agree that the profits tax was correctly computed and amounted to $24,450.01, upon the agreed net income of $65,156.38.

As we have said, the 2 per cent tax applied primarily to the net income shown by the return. Since this tax was already in effect and was not repealed, the new statute of 1917 amended the Revenue Act of 1916 by including therein a credit for the profits tax now being imposed. This was provided by adding section 29 to the 1916 Act. This section must therefore be read, not as a part of the 1917 Act or affecting the new taxes being imposed thereby, but as part of the 1916 Act and the basis of the 2 per cent tax. Thus it is clear that the credit of the amount of profits tax is to be applied to the net income for the purpose of computing the 2 per cent tax only, and not to reduce net income. It is not a *deduction* from gross income in arriving at taxable net income for all purposes, but merely a credit employed to affect the amount of the existing tax. Net income was still the net income shown by the return. Looking then at the 1916 Act as amended, we find the 2 per cent tax imposed as follows:

| | |
|---|---|
| Net income shown by return | $65,156.38 |
| Less credit of profits tax | 24,450.01 |
| Subject to 2 per cent tax | 40,706.37 |
| | 2% |
| Tax | 814.13 |

We then come to the additional taxes imposed by the Revenue Act of 1917. Since, as we have seen, section 29 is an amendment of the 1916 Act and is therefore regarded as incorporated in that Act, we can not at the same time regard it as part of the 1917 Act as well.

We look therefore only to Title II for the profits tax, which has already been considered and arrived at. The additional 4 per cent tax is imposed by section 4, which as we have seen, adopts as the basis of tax the proportion of the income of the fiscal year and is " computed  *  *  *  upon the same incomes and in the same manner as the " 2 per cent tax. Applying this computation according to its clear terms, we find the same $40,706.37, which was under the 1916 Act taxable in its entirety, now subjected to an additional tax of 4 per cent upon the 1917 proportion, or 9/12. Thus the 4 per cent is applied to 9/12 of $40,706.37, or $30,529.77, and amounts to $1,221.19.

The taxpayer agrees with the computation of the 2 per cent tax and the profits tax, but in computing the 4 per cent tax it insists, relying upon *Semple* v. *Lewellyn*, 1 Fed. (2d), 745, that, instead of crediting the profits tax once against the fiscal income and imposing the 4 per cent upon the $\frac{9}{12}$ proportion of the remaining $40,706.37, the Commissioner should apply the profits tax credit to the $\frac{9}{12}$ proportion of the entire fiscal income and tax the balance at 4 per cent. But there is nothing said in the 1917 Act about crediting the profits tax to or deducting it from the taxable proportion of the fiscal income, and we may not assume this was intended. The failure to do so does not, in our opinion, result in retroactive imposition of the 1917 tax upon 1916 income, for, as we have stated, the profits tax is apportioned and the 4 per cent tax is based upon an apportionment of income, both apportionments being on the $\frac{9}{12}$ ratio, thus in effect excluding tax upon income proportionately attributable to the three months of 1916. We are therefore unable to agree with the learned court in the case cited.

We conclude that the Commissioner has correctly applied the statute, and his computation of tax must be approved, as follows:

| | |
|---|---:|
| 2 per cent tax | $814.13 |
| Profits tax | 24,450.01 |
| 4 per cent tax | 1,221.19 |
| Total tax | 26,485.33 |