APPEAL OF BRAY & KATES CO.

Docket No. 4705. Submitted March 1, 1926. Decided April 19, 1926.

1. Compensation of officers disallowed.
2. The Commissioner's method of determining the excess-profits tax and the 4 per cent tax under sections 4 and 200 of the Revenue Act of 1917 of a corporate taxpayer having a fiscal year beginning in 1916 and ending in 1917, approved. *Appeal of F. J. Thompson, Inc.,* 1 B. T. A. 535.

*L. D. Latham, Esq.,* for the taxpayer.
*Benjamin H. Saunders, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the fiscal year ending July 31, 1917, in the amount of $4,184.50. The taxpayer contends that the Commissioner erred (1) in refusing to allow a deduction of $15,000, representing additional compensation of officers, and (2) in computing the normal income tax by applying the amount of excess-profits tax to the income for the entire year ending July 31, 1917, in arriving at the normal income for that portion of the income applicable to the calendar year 1917.

FINDINGS OF FACT.

The taxpayer is an Illinois corporation engaged in the manufacture of creamery and dairy supplies, with principal office at Arlington Heights. The entire capital stock of the company, consisting of 500 shares, was owned by Richard Bray, president, and A. T. Kates, secretary and treasurer. The directors of the corporation were Richard Bray and A. T. Kates, and their wives, the latter being the owners of one share each in order to qualify them as directors.

The by-laws of the corporation provided that the annual meeting of the directors should be held in November of each year and that special meetings of the directors should be subject to call by the president.

For the years prior to 1917 the salaries of the two principal officers and stockholders were fixed at $2,500 each, against which they made withdrawals from time to time during the year, and any amount of salary which they had not withdrawn during the year was credited to their account at the end of the fiscal year. Likewise, the profits of the corporation during its fiscal year were credited in equal amounts to the accounts of the two stockholders.

Bray and Kates were close neighbors and their families frequently visited one another. During one of these visits, in the month of

February, 1917, the business of the corporation was informally discussed between them, as was customary at such times, and the matter of increasing the salaries of the two officers to $10,000 a year each was mentioned, and, during the discussion, the two directors and their wives indicated that no objection would be interposed to such action. No definite action, however, was taken on this occasion and nothing further was done regarding the matter until after the close of the fiscal year on July 31, 1917, when an accountant was called in by the officers, in accordance with their custom, to audit the books of the corporation. On August 15, 1917, a special meeting of the directors was called, and a resolution was adopted which provided that the salaries of Bray and Kates should be $10,000 a year each for the year ending July 31, 1917, and $12,500 a year each thereafter, and that withdrawals theretofore made by the president and treasurer, and charged to their personal accounts, should be credited to these salaries for the fiscal year ending July 31, 1917, and the difference, if any, should be paid to them in cash. The increased salary was paid to the officers subsequent to August 15, 1917. The taxpayer filed its return for the fiscal year ending July 31, 1917, on September 4, 1917, upon the basis of cash receipts and disbursements, and deducted therein $5,000 representing the salaries of the two officers. On March 25, 1918, the taxpayer executed a return, Form 1031, for the purpose of the income and excess-profits tax, and claimed therein a deduction of $15,000 as salaries for the two officers. The Commissioner allowed a deduction of $5,000 for officers' salaries.

The Commissioner determined a net income for the fiscal year ending July 31, 1917, of $66,060.47. This is not disputed by the taxpayer, except in so far as the additional salaries are concerned. Upon this net income the Commissioner determined that the excess-profits tax computed for the full twelve months was $20,262.44, and that the profits tax for seven months of 1917 was $11,819.76, which, deducted from the net income of $66,060.47, left a balance of $54,-240.71, which was subjected to the tax at 2 per cent, and the tax at 4 per cent was computed upon $31,640.41.

OPINION.

LITTLETON: Upon consideration of the evidence relating to the deduction of additional compensation of officers for the taxable year, the Board is of the opinion that the evidence is insufficient to warrant the allowance of this deduction. The taxpayer bases its claim therefor upon an informal conference claimed to have been held at the home of one of its officers in February, 1917. The testimony as to what was said on that occasion does not warrant the conclusion

that the directors definitely determined at that time to increase the salaries of the officers to $10,000 for the taxable year, or that their informal discussion of the matter of salaries was such as to create a liability of the corporation to pay the same. It appears that, on that occasion, when the business of the corporation was being informally discussed, one of the officers mentioned the matter of salaries and of their being warranted in increasing the same to $10,000 a year. It was also indicated by the others that no objection would be interposed to such action. No portion of this additional salary was paid during the taxable year and no entry was made upon the books, or memorandum made thereof, by either of the officers. Nothing was said to the bookkeeper relative thereto. It was explained by one of the officers testifying that it was their custom never to inform the bookkeeper of the amount of their compensation lest he should disclose such information to persons outside of the organization. It appears that it had been the custom of the officers for several years to withdraw from time to time amounts of money which were charged to their account, and that at the end of the year entries were made crediting to their account any undrawn portion of their salaries. During the fiscal year ending July 31, 1917, the two officers did not, up to that time, withdraw any amount in excess of their regular salary. Upon the adoption of the resolution on August 15, 1917, an entry was made as of July 31, 1917, crediting the officers with the additional compensation of $7,500 each, and this amount was at that time, or subsequently, paid to them.

Under these circumstances, the Board is of the opinion that the Commissioner correctly disallowed the additional compensation as a deduction for the taxable year.

The taxpayer contends that, under the provisions of the Revenue Act of 1917, the amount of excess-profits tax should be applied only against that portion of the taxable net income for the fiscal year ending July 31, 1917, as was earned during the first seven months thereof, and that the normal tax for that portion of the calendar year 1917 falling within the fiscal year ending July 31, 1917, should be computed upon the amount of income applicable to the first seven months of 1917, less the excess-profits tax for the same period. In other words, that the Commissioner should have computed the profits tax for seven months of 1917 upon seven-twelfths of the entire net income for the full fiscal year and, after deducting the profits tax so computed, that he should have computed the tax of 4 per cent upon seven-twelfths of the difference between the profits tax and seven-twelfths of the entire net income.

The Board has already decided this point adversely to the contention of the taxpayer. *Appeal of F. J. Thompson, Inc.*, 1 B. T. A.

535; *Appeal of Mesa Milling Co.*, 2 B. T. A. 770; *Appeal of Phoenix Seed & Feed Co.*, 2 B. T. A. 909.

The deficiency for the fiscal year ending July 31, 1917, is $4,184.50. Order will be entered accordingly.

SMITH, dissenting: I dissent on the second point on the basis of the reasoning of the court in *United States* v. *Semple & Co.*, decided by the United States Circuit Court of Appeals, Third Circuit, on February 27, 1926, 10 Fed. (2d) 1023.