*1226 OPINION.
Littleton:
Although the petitioner states that the taxes in controversy are taxes for the years ended June 30 of each of the years 1917, 1918, 1919, and 1920, there are no allegations of error as to the year ended June 30, 1920. Hence we can find no error in the respondent’s determination of deficiency for that year.
The error alleged as to the fiscal year ended June 30, 1917, is that the respondent, in computing the amount subject to the 4 per cent tax under the Revenue Act of 1917, credited the amount of the *1227 excess-profits tax against the income for the entire year, instead of crediting it to the income for that portion of petitioner’s fiscal year which fell within the calendar year 1917.
This question has on a number of occasions been decided adversely to petitioner’s contention. F. J. Thompson, Inc. 1 B. T. A. 535; Yokohama Ki-Ito Ewaisha, Ltd., 5 B. T. A. 1248. The action of respondent is approved.
As to the reduction of invested capital for the fiscal years ended in 1918 and 1919 on account of taxes for prior years, the respondent’s method of computation must be approved in view of section 1207 of the Revenue Act of 1926 (Russel Wheel & Foundry Co., 3 B. T. A. 1168), but adjustment should be made in each of the years to reflect the changes effected by this decision.
As to finding No. 7, the respondent erred in reducing invested capital for the fiscal year ended June 30, 1918, by subtracting from current earnings a tentative tax in determining the amount of such income available for dividends. See L. S. Ayers & Co., 1 B. T. A. 1135, and numerous later decisions.
Included in the amount of $75,000 which the respondent excluded from invested capital for the fiscal year ended June 30, 1919, was an item alleged by the petitioner to have been acquired at a cost of $25,000. The respondent denies that the item cost the petitioner $25,000. As no proof was offered by the petitioner we can not say that the asset involved cost the petitioner anything.
The petitioner claims that the transactions whereby it acquired the tangibles and intangibles of the K. I. Herman Co. were separate and distinct, and that therefore the intangibles, including good will, should go into invested capital at cost. From the allegations of fact admitted by the respondent, the petitioner’s position in this respect appears to be correct. But, as we said above, the cost is not established. The failure of the petitioner to establish cost is fatal to its claim.
The petitioner asks, as an alternative, that we make an allocation between the tangibles and intangibles along the lines of the St. Louis Screw Co., 2 B. T. A. 649. The rule laid down in that case is not applicable where, as here, the intangibles were acquired separately for a definite sum.
As to finding of fact No. 9, the petitioner alleges that error was committed in that the respondent computed the income tax by allowing as a credit the average of the amounts o'f profits taxes, whereas the income tax should have been computed, (a) at 1918 rates using as a credit the profits tax ascertained at 1918 rates, (b) at 1919 rates using as a credit the profits tax ascertained at 1919 rates, and (c) taking the sum of one-half the amounts as computed. Section 205 *1228 (b) of the Revenue Act of 1918, upon which petitioner relies, refers only to the computation of the income tax and says nothing about the application of credits. The income-tax on corporate income is imposed on net income for each year less the credits allowed by section 236, which, as far as the taxpayer is concerned, are: “ The amount of taxes imposed by Title III [profits taxes] for the same taxable year; ” and the $2,000 allowed domestic corporations. The words we have italicized obviously must be applied in the present case to the fiscal year, and not to the parts of the fiscal year falling within the calendar year. Section 236 makes no provision for splitting the credit for profits taxes and applying a part of it to a part of a fiscal year, and we can not say that it shall be done in that manner. It is shown by the respondent’s computation that after determining profits taxes for “the same taxable year ” (i. e., fiscal year ended June 30, 1919), he applied the amount thereof, plus the $2,000, as credits and then proceeded to compute the income tax as directed by section 205 (b), namely by applying to one-half of the remainder the 1918 rate of 12 per cent, and to the remaining one-half, the 1919 rate of 10 per cent, and taking the sum of those figures as representing the income tax. We fail to see wherein the respondent erred. Cf. T. B. Hord Grain Co., 6 B. T. A. 549.
In regard to the claim for assessment .under section 210 of the Revenue Act of 1917, all that is admitted by the respondent is that a petition for such assessment was filed and that the petition was denied. We see nothing in the facts found which would justify a holding that respondent erred in denying the petition.
Reviewed by the Board.
Judgment will be entered on 15 days’ notice, u/nder Bule 50.