*372 OPINION.
Love:
The first issue is whether petitioner’s invested capital for the years now before us should be increased by $67.77 on account of alleged excessive income taxes determined by the respondent for the fiscal year ended October 31, 1917. In this connection petitioner contends that the respondent erred in determining the additional 4 per cent income tax for the fiscal year 1917, imposed by section 4 of the Revenue Act of 1917 to be $1,736.40 instead of $1,668.63.. The respondent computed the additional 4 per cent income tax as follows:
Net income full fiscal year 1917_$62, 256.92
Less excess profits tax for 10 months in 1917- 10,164. 95
52, 091. 97
10/12 of $52,091.97 equals_ 43, 409. 98
4 per cent of $43,409.98 equals_ 1,736. 40
Petitioner contends the additional 4 per cent should be computed as follows:
Net income full fiscal year 1917_$62,256.92”
10/12 of $62,256.92 equals___ 51, 880. 76
Less excess profits tax for 10 months in 1917_ 10,164.95
41, 715. 81
4 per cent of $41,715.81 equals_ 1, 668.63
The question as to which of the two above methods of computation is correct has been previously considered by us in F. J. Thompson, Inc., 1 B. T. A. 535, Yokohama Ki-Ito Kwaisha, Ltd., 5 B. T. A. 1248, 1257, and Alling & Cory Co., 7 B. T. A. 574, 577, in which cases we held that the respondent’s method was correct and in accordance with the statute. We adhere to our former decisions, and, therefore, approve the respondent’s determination as to this issue.
The evidence introduced by petitioner with respect to the second and fourth issues, does not in any way show that respondent committed any errors in his determination as to those issues.
The third issue is whether petitioner charged off a sufficient amount of depreciation in prior years. The respondent determined that on October 31, 1918, and October 31, 1919, petitioner’s depreciable assets were overstated in the net amounts of $45,243.70 and $40,382.73, respectively, and that those amounts formed no part of petitioner’s invested capital for the fiscal years 1919 and 1920. The evidence, which consisted of the testimony of four witnesses, conclusively shows that petitioner’s depreciable assets as reflected on its books of account were not overstated, and that, if anything, they were understated due to the fact that prior to the taxable years in question it had been the consistent practice of petitioner to charge most of its replacements to expense instead of capitalizing them. The respondent’s determination on this issue is disapproved.
*373 The deficiencies should be redetermined by restoring to invested capital for the fiscal years 1919 and 1920, the amounts of $45,243.70 and $40,382.73, respectively.

Judgment will be entered wider Rule 50.